THE PRESIDENT, &c. OF THE DUTCHESS COUNTY BANK
*vs.* IBBOTSON.

The certificate of a notary public of this state of the presentment of a promissory note for payment out of the state, is not evidence of any thing stated in it. Such a presentment to be regarded as the official act of the notary must be performed within this state, and it is only official acts which the statute authorizes to be proved by a certificate.

The presentment of a note or bill and the giving of notice to endorsers cannot be proved by showing that a notarial certificate stating those facts had existed and had been lost. The statute creates a species of evidence unknown to the common law, and where it cannot be produced proof of the facts must be made in the usual manner.

ASSUMPSIT on a promissory note, against the defendant as third endorser. The note was made by G. D. Wall, dated New Brunswick, N. J., June 12, 1840, and was for the payment $751,18 at the *State Bank* (N. J.) three months after date. It was endorsed by the payee and another person and then by the defendant. The only question was, whether the presentment for payment and notice of non-payment were sufficiently proved. The note was lost. It had been delivered by the holder to the plaintiff's attorney, who testified that it had been lost or mislaid, and that after a diligent search he could not find it. The copy annexed to the declaration had been made before the loss, and by that the contents of the note were established. The attorney stated that there was a notarial certificate attached to the note.

The plaintiff's cashier testified to the delivery of the note to the attorney and that it had not been redelivered : he said " there was a protest in due form annexed to the note by a notary in New-York under his official seal and the usual certificate that notice was given to the endorsers." On cross-examination he said that the notary was Mr. Dyott, of New-York, who was still living. The defendant's counsel objected to the sufficiency of the proof, but the circuit judge overruled the objection and advised the jury to find a verdict for the plaintiffs, which they did accordingly. The defendant's counsel excepted.

Dutchess County Bank *v.* Ibbotson.

*N. Hill, Jr.* for the defendant, moved for a new trial on a bill of exceptions. He argued the following points. 1. The secondary evidence of the notary's certificate was inadmissible. The certificate itself was an inferior grade of evidence, made competent only by statute. If that was, for any reason, unattainable, the facts should have been proved in the usual way, which might readily have been done, the notary being alive. 2. The contents of the protest and certificate were not proved. A protest "in due form," and "the usual certificate" mean nothing. 3. But a notary in New-York could not make a presentment of a note in New-Jersey, where this was payable. It was an official act which could be performed only within the state, under whose laws the notary acted. (2 *R. S.* 283, §§ 44 *to* 46; 1 *Id.* 102, § 14.) Again, the mode of charging endorsers is governed by the *lex loci contractus.* That in this case was the law of New-Jersey. (*Bank of Rochester* v. *Gray,* 2 *Hill,* 229.)

*S. Stevens,* for the plaintiff.

*By the Court,* BEARDSLEY, C. J. This is not a case to which the provision making notarial certificates presumptive evidence of certain facts, has any application; so that if the certificate had been produced and had been in due form it would not have been evidence. (2 *R. S. 2d ed.* 283, § 46.) The section authorizes the notary to certify certain official acts—the demand of payment and notice. But the note must have been demanded in New-Jersey; and this demand could not have been an official act of a notary in this state.

But the certificate of the notary was not produced, and although it was lost or destroyed, parol evidence of its contents was inadmissible. The statute makes the certificate presumptive evidence, which was itself an innovation upon the common law rule of evidence. As the certificate was not produced, the statute was not complied with, and the common law rule applied to the case. This was especially proper as the notary was living in the

state and might have been produced. In such a case second-ary evidence of the certificate should never be received.

There was no legal evidence of the genuineness of the cer-tificate, or of its contents. But this is not material, the other reasons stated being sufficient to require a new trial.

New trial granted.