WILLIAM T. KELLAM, APPELLANT, v. HORACE W. McKOON, RESPONDENT.

*Notary — certificate as to protest of note and service of notice — a second certificate may be made if the first be lost — Code of Civil Procedure, sec. 923.*

Where a certificate showing the protest of a promissory note, and the service of a notice thereof has been made by a notary, as prescribed by section 923 of the Code of Civil Procedure, and the same has been lost, a second certificate may be given by the notary and may be read in evidence with the same force and effect as the original.

APPEAL from a judgment of the County Court of Sullivan county, dismissing the complaint upon the merits.

The action was brought by the holder of a promissory note against the indorser thereof. It was claimed that the note had been lost after it came into the possession of the plaintiff. The principal question arose upon the admissibility of a certificate of a notary, showing that the note had been duly protested and the indorser notified thereof.

*John F. Anderson*, for the appellant.

*Lewis E. Carr*, for the respondent.

BOARDMAN, J. :

May a notary public of this State make more than one certificate of protest for purposes of evidence under section 923 of the Code of

Civil Procedure? This is the important subject of inquiry upon this appeal.

For the purposes of this discussion we will assume it to be true, though not conceded, that the first certificate of protest was attached to and lost with the note sued upon, as a lost note; that a second certificate is procured from the notary and duly authenticated. Such certificate is offered in evidence against the defendant, an indorser, who objects to it.

*First.* Because it is not the certificate made by the notary at the time of the protest, and

*Second.* Because it don't appear that the notary is dead or absent from the State so that his attendance cannot be procured.

The objections were sustained and plaintiff excepted. As the plaintiff could not establish the liability of the defendant by reason of the exclusion of such evidence the complaint was dismissed, with costs.

We are of the opinion the decision of the learned county judge was erroneous. No reason can be assigned why a notary may not issue several certificates of protest, each of which shall be an original and competent as evidence. The language of the Code (§ 923) does not forbid such construction. The reason of the law is sustained by such construction. The object was to save the necessity of producing the notary upon the trial to prove a necessary but technical act in order to charge the indorser. If the first certificate is lost or destroyed, what reason can be assigned against the use of a second one as evidence, which ought not to be equally valid against the first. It is presumptive proof authorized by statute. It is like a transcript of a justice's judgment or proof of service of a summons or other paper. In case of loss a second transcript or new proof of service may be had equally as effectual as the first. Numerous illus trations might be given, where official power is not exhausted when an act is once done. Certificates of sheriffs, county clerks, judges, etc., are made evidence. But the loss of one certificate does not bar the officer from giving a second, and the second is of equal force with the former.

There is no limit in this State when such certificate may be made. COWEN, J., says, in *Cayuga County Bank* v. *Hunt* (2 Hill, 638): " It is no objection that the certificate * * * was drawn up

by the notary two years, or any other length of time after notice was given. The statute gives it as a substitute for his personal testimony at the trial. It is properly called for and may be drawn up when it happens to be wanted as evidence." It is evidence created under the statute, and so long as it is made pursuant to the statute, it may be duplicated as often as may be necessary.

The defendant cites, with some confidence, *Dutchess County Bank* v. *Ibbottson* (5 Den., 110). That case very properly holds that evidence of the *contents* of a lost certificate of protest is not competent, because the statute has not made it competent. The notary could be produced, or, in our view of the case, a new certificate, could have been procured of him. It is not the *original* or *first* certificate which is made evidence by the Code, but the certificate of the notary who protested the note.

Several positions are taken by the respondent which were not taken on the trial, for instance: 1st. That there is no evidence the party giving this certificate of protest was a notary at the time he executed it. 2d. That the note referred to in the certificate is not shown to be the one in suit.

Neither of these objections were made upon the trial to this evidence, and, if they had been made, it is apparent they might have been obviated by additional evidence upon those points, if at all necessary. Hence they will not be regarded upon this appeal. However plausible the respondent's arguments may be, we are convinced they are unsound.

The judgment of the County Court must be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and POTTER, J., concurred.

Judgment reversed and new trial granted, costs to abide event.